**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5448

EGUARDO JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CR-94-34-H)

Submitted: January 11, 1996

Decided: February 2, 1996

Before RUSSELL, HALL, and WILKINSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl G. Ivarsson, Jr., COOK & IVARSSON, Fayetteville, North Car-
olina, for Appellant. Janice McKenzie Cole, United States Attorney,
Christine Witcover Dean, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eguardo Johnson was convicted by a jury of conspiracy to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1995), and of distribution of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). He appeals his 360-month sentence, alleging that the district court clearly erred in finding that he was an organizer or leader in an offense which involved five or more participants or was otherwise extensive. United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1994). We affirm.

At Johnson's trial, his co-defendant, John Elton Russell, testified that he met Johnson when he was fifteen years old; both of them were working at a crack house in Fayetteville, North Carolina. Johnson was five years older than Russell and a Jamaican citizen. He had come from New York to help run the crack house at the request of the owner. In 1990, Johnson and Russell began selling crack together in nearby Lumberton, North Carolina, where there was less competition. At first, they sold crack from Margaret Leggett's house. When it was raided, they moved to James Marrant's house. Marrant was paid in cocaine for the use of his house. After Marrant's house was also raided, Johnson and Russell sold crack from an open air site near a housing project.

By 1993 Johnson and Russell were selling larger amounts to lower-level drug dealers in Lumberton. According to undisputed information in the presentence report, Johnson handled the larger deals. They traveled to New York every two months or so to obtain three or four kilograms of cocaine which they cooked into crack and packaged in Fayetteville. Each day they took a one-day supply of crack to Lumberton. If they sold out during the day, they might return to Fayetteville to restock. Because neither Johnson nor Russell had a driver's license, several of their customers, including Eric Stevens and James LeSane, were paid in money or drugs to drive them between Fayetteville and Lumberton. Malik Jones drove them to New York and back. Stevens also arranged for rental cars. Crack was fronted to at least two customers in Lumberton--Eric Stevens and Farrell Gilchrist.

2

We review the district court's factual finding that Johnson was an organizer or leader under the clearly erroneous standard. United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992). Johnson first contends that the four-level adjustment he received under § 4B1.1(a) was clearly erroneous because he had only a buyer/seller relationship with his customers and that, as a result, the offense did not involve five participants. We have no difficulty in finding that the offense involved more than five participants. A participant is a person who is criminally responsible for the offense; he need not have been convicted. USSG § 3B1.1, comment. (n.1). Under this definition, the defendant, Russell, Leggett, Marrant, Jones, Stevens, LeSane, and Gilchrist were all participants. We note also that fronting drugs to a customer is evidence of an ongoing relationship indicating an agreement to distribute drugs rather than a simple buyer/seller relationship. United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3252 (U.S. Oct. 4, 1993) (No. 93-5765).

Second, Johnson asserts that he did not exercise leadership or control over anyone. However, Johnson planned and organized the offense. He had contacts in New York which allowed him to arrange the purchases of cocaine and to hire Malik Jones as a driver. Johnson also hired James LaSane and Eric Stevens to drive him to Fayetteville and back and had Stevens rent cars for his use. These facts were sufficient to justify the enhancement.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED